UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND L. SHARP,<br><br>           Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br><br>           Defendant. | No.  2:14-cv-468-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties have filed cross-motions for summary judgment. For the reasons discussed below, plaintiff's motion is denied and defendant's motion is granted.

I.      BACKGROUND

Plaintiff filed an application for a period of disability and DIB on August 8, 2011, alleging that he had been disabled since October 25, 2010. Administrative Record ("AR") 152-158. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 100-103, 105-110. On April 30, 2013, a hearing was held before administrative law judge ("ALJ") Amita Tracy. *Id.* at 35-78. Plaintiff was represented by counsel at the hearing, at which he and a vocational expert ("VE") testified. *Id.*

1

On June 14, 2013, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id*. at 12-26. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since October 25, 2010, the alleged onset date (20 CFR 404.1571 *et seq*.).

\* \* \*

3. The claimant has the following severe impairments: lumbar degenerative disc disease (DDD); bilateral upper extremity (UE) problems; and depression (20 CFR 404.1520(c)).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) except frequent climbing of ramps and stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch, or crawl; no overhead reaching with bilateral upper extremities; frequent reaching in all other directions with bilateral upper extremities; no exposure to workplace hazards defined as moving machinery and unprotected heights and no working with fire and chemicals; simple routine, repetitive tasks; and limited to superficial contact with coworkers, supervisors and the public.

\* \* \*

6. The claimant is capable of performing past relevant work as an unarmed gate guard. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

\* \* \*

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 25, 2010, through the date of this decision (20 CFR 404.1520(f)).

*Id.* at 14-26.

Plaintiff requested that the Appeals Council review the ALJ's decision, *id.* at 8, and on December 18, 2013, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

/////

/////

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.  ANALYSIS

Plaintiff argues that (1) the Appeals Council erred in not considering an updated Veterans Administration disability report, (2) the ALJ did not properly evaluate the medical evidence, (3) the ALJ did not properly evaluate plaintiff's credibility, and (4) the ALJ failed to include in her first hypothetical to the VE all work-related limitations supported by substantial evidence.

    A.  Appeals Council

Plaintiff was undergoing a review of his Veterans Administration (VA) disability rating during the period of time that he was seeking Social Security disability benefits. ECF No. 17 at 10. The VA disability report was issued shortly after the hearing decision was rendered. AR 910-932. The Appeals Council added the VA disability report to the administrative record, but denied review. AR 1-4. Plaintiff argues that the Appeals Council "should be compelled to review and consider the probative value of the report." ECF No. 17 at 10; *see also* ECF No. 23 at 2-3 (arguing that Appeals Council had "affirmative duty" to consider this additional evidence and to provide "rationale" for denying request for review).

The Appeals Council did, however, consider the updated VA disability report and explained that it was denying review because the report did "not provide a basis for changing the Administrative Law Judge's decision." AR 1-2. Thus, the Appeals Council considered the new

4

evidence as required.  *See* 20 C.F.R. § 404.970(d) (requiring Appeals Council to consider "new and material evidence [that] relates to the period on or before the date of the administrative law judge hearing decision."); *Taylor v. Commissioner of Social Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) (Appeals Council not required to provide a detailed rationale whenever faced with new evidence).  Plaintiff's contention that the Appeals Council was required to provide a detailed rationale for its decision to deny his request for review lacks merit.  *See Taylor*, 659 F.3d at 1231 ("When the Appeals Council denies a request for review, it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner."); *Bifarella v. Colvin*, 51 F. Supp. 3d 926 (E.D. Cal. 2014) ("the Ninth Circuit has made clear that district courts do not have jurisdiction to review whether or not an Appeals Council appropriately denied a request for review of an ALJ's decision."); *Martinez v. Colvin*, No. CV 14-4880 RNB, 2015 U.S. Dist. LEXIS 37220, at *8-9 (C.D. Cal. Mar. 23, 2015) (listing unpublished Ninth Circuit and district court case law consistent with *Taylor*).

  B. Medical Evidence

Plaintiff challenges the ALJ's treatment of the medical notes and/or opinions of Dr. Nagui Achmallah, Dr. Matthew Cordova, Dr. Christine Leyba, and Dr. Jenna Brimmer.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual.  *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1295 (9th Cir. 1996).  To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  *Lester*, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence.  *Id.* at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (*e.g.,*

1  supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews*
2  *v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751
3  (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings
4  as a treating physician, but differs only in his or her conclusions, the conclusions of the
5  examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir.
6  2007).

7        Plaintiff first contends that the ALJ inadequately failed to "credit" or "reject" the opinion
8  of VA examiner Dr. Nagui Achmallah, who examined plaintiff and concluded that he had
9  "occupational and social impairment with deficiencies in most areas, such as work, school, family
10 relations, judgment, thinking and/or mood." ECF No. 17 at 12; AR 723. Dr. Achmallah's
11 statement as to plaintiff's deficiencies does not constitute a medical opinion regarding plaintiff's
12 functional limitations. *See* 20 C.F.R. § 404.1527(a)(2) ("Medical opinions . . . reflect judgments
13 about the nature and severity of your impairment(s), including your symptoms, diagnosis and
14 prognosis, what you can still do despite impairment(s), and your physical or mental restriction.");
15 20 C.F.R. § 416.927(a)(2) (same). That is, the statement does not identify specific restrictions or
16 indicate what activities plaintiff could still perform despite his impairments. *See* 20 C.F.R.
17 § 404.1545(a)(1) ("Your residual functional capacity is the most you can still do despite your
18 limitations"). As the statement does not constitute an opinion regarding plaintiff's functional
19 limitations, there was simply no opinion for the ALJ to either credit or reject. *See, e.g., Santiago*
20 *v. Colvin*, No. 2:13-cv-2174 EFB, 2015 U.S. Dist. LEXIS 40783, at *9-10 (E.D. Cal. Mar. 30,
21 2015); *Erickson v. Colvin*, No. 2:13-cv-1061 EFB, 2014 U.S. Dist. LEXIS 139798, at *15 (E.D.
22 Cal. Sept. 30, 2014).

23       Next, plaintiff argues that the ALJ erred in failing to comment on the extensive treatment
24 notes from VA staff psychologist Dr. Matthew Cordova and Dr. Christine Leyba. ECF No. 17 at
25 12-14. However, plaintiff fails to point to any treatment notes of significance that would
26 undermine the ALJ's findings and the court finds no error in this regard. *See Howard v.*
27 *Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) ("in interpreting the evidence and developing the
28 /////

6

1  record, the ALJ does not need to 'discuss every piece of evidence,'" and an "ALJ is not required
2  to discuss evidence that is neither significant nor probative").

3  Plaintiff also contends, without explanation, that the ALJ failed to incorporate the
4  opinions of Drs. Cordova and Leyba into her residual functional capacity (RFC) assessment.
5  ECF No. 17 at 12-14. Dr. Leyba opined that plaintiff suffered from "Major Depression" and that
6  his depression was the result of his back pain. AR 706. Similarly, Dr. Cordova opined that
7  plaintiff suffered from "severe back pain" and "depressive symptoms," and noted that plaintiff's
8  symptoms "severely impair his occupational and social functioning." AR 704. Like Dr.
9  Achmallah's statement, discussed above, these conclusory statements do not amount to medical
10 opinions regarding plaintiff's functional limitations. That is, there is no indication from these
11 statements that there are any functional limitations attributable to plaintiff's pain or depression
12 that the ALJ ignored. Thus, plaintiff fails to show how the conclusions reached by Drs. Cordova
13 and Leyba would require more restrictive functional limitations than those set forth in plaintiff's
14 RFC. *See* 20 C.F.R. § 404.1545(a)(1) ("Your residual functional capacity is the most you can still
15 do despite your limitations"). Accordingly, plaintiff's claim of error in this regard lacks merit.

16 Plaintiff also claims that the ALJ erred in assigning "partial" weight to the opinion of
17 consultative examiner Dr. Jenna Brimmer, who, according to plaintiff, was not provided with
18 sufficient medical records pursuant to 20 C.F.R. § 404.1517. ECF No. 17 at 14-15; *see also* 20
19 C.F.R. § 404.1517 (stating that consultative examiners will be provided with "necessary
20 background information about [the claimaint's] condition."). Notably, section 404.1517 does not
21 require a review of medical records, only "background information." *See Escobar v. Colvin*, No.
22 CV 13-0994-VBK, 2014 U.S. Dist. LEXIS 4780, at *3 (C.D. Cal. Jan. 14, 2014). In this case, the
23 background information reviewed by Dr. Brimmer included some medical records, such as a
24 partial disability report form and plaintiff's activities of daily living questionnaire. AR 423. Dr.
25 Brimmer also took detailed testimony from plaintiff regarding his impairments, daily activities,
26 medications, past medical history, family history, and social history. AR 423-24. Although
27 plaintiff claims error, he fails to identify any medical records that Dr. Brimmer should have
28 reviewed, or to explain how her review of such records would have affected her opinion. Thus,

7

plaintiff's claim that the ALJ erred in assigning partial weight to Dr. Brimmer's opinion lacks merit.

Plaintiff also suggests that the "limited" submission of medical records to Dr. Brimmer triggered the ALJ's duty to develop the record. ECF No. 17 at 15. The duty to develop the record is "triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Plaintiff fails to show how the record was ambiguous or inadequate such that the ALJ had a duty to develop the record.

C.  Credibility

Plaintiff next argues that the ALJ erred by failing to give sufficient reasons for discrediting his subjective complaints of pain. As discussed below, the ALJ's reasons for discounting plaintiff's credibility were sufficient.

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of impairment, the ALJ may then consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. *See id.* at 345-347. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. *Smolen*, 80 F.3d at 1284. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. *See Flaten v. Secretary of HHS*, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, *see Quang Van Han v. Bowen*, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990).

1  "Without affirmative evidence showing that the claimant is malingering, the Commissioner's
2  reasons for rejecting the claimant's testimony must be clear and convincing." *Morgan*, 169 F.3d
3  at 599.

4  Plaintiff "testified that he cannot work due to pain." AR 17.  The ALJ gave multiple
5  reasons for finding this statement, which concerned the limiting effects of plaintiff's pain, not
6  entirely credible.

7  First, the ALJ concluded that the medical evidence supported a finding that plaintiff could
8  perform light work. *Id.*  While an ALJ may not rely solely on a lack of objective medical
9  evidence to support an adverse credibility finding, it is a relevant consideration in assessing
10 credibility. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Moisa v. Barnhart*, 367
11 F.3d 882, 885 (9th Cir. 2004).  Internal medicine consultative examiner Dr. Brimmer examined
12 plaintiff on November 4, 2011 and opined that he could still perform a significant range of light
13 work activity.  AR 423-27.  State agency physician Dr. Timothy Walker also considered the
14 evidence of record on November 17, 2011 and opined that plaintiff remained capable of
15 performing a significant range of light work activity. *Id.* at 80-87.  These physician opinions
16 support the ALJ's determination that plaintiff's claim of a total inability to work was not credible.
17 *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (medical evidence which
18 found that the claimant could perform a limited range of work supported the ALJ's credibility
19 determination).

20 The ALJ also concluded that plaintiff's activities of daily living supported a finding that
21 he could perform light work.  AR 17.  Indeed, plaintiff engaged in a wide range of daily activities
22 that were inconsistent with a claim of total disability.  For example, plaintiff testified that during
23 baseball season he volunteered as a pitching coach for high school softball a total of six hours per
24 week, two hours per day. *Id.* at 44-45.  In addition, plaintiff's friend Shannon Caston reported
25 that plaintiff helped take care of his wife, children, and grandchildren, prepared his own meals,
26 washed dishes, went outside daily, grocery shopped, and socialized via barbeques and watching
27 TV with others once or twice a month. *Id.* at 251-53.  Plaintiff's wife Rhonda Sharp corroborated
28 this testimony and added that plaintiff prepared easy meals for himself, visited friends and family,

and attended weekly sports games of his daughter. *Id.* at 281-82. Based on this range of testimony, the ALJ logically concluded that while plaintiff was limited, he was not credible in claiming that he was unable to perform any work. *See Mayes v. Massanari*, 276 F.3d 453, 457, 461 (9th Cir. 2001) (Plaintiff's "testimony that she could do many daily activities," such as watching television, straightening her house, shopping and washing laundry (with help), painting by numbers, working puzzles, listening to music, trying to exercise and sometimes going to eat with her boyfriend, "suggested that she could also work"); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

   D.   <u>VE Hypothetical</u>

At the administrative hearing, the ALJ solicited testimony from the VE. AR 64-70. The VE testified that plaintiff's past relevant work included unarmed security guard, performed at the light, unskilled level; vehicle unloader, performed at the heavy, unskilled level; and bouncer, another light, unskilled job. *Id.* at 65-67. The ALJ asked the VE to consider a hypothetical individual with plaintiff's age, education, work experience, and residual functional capacity. *Id* at 68. The VE testified that such an individual could still work as an unarmed security guard, as well as a housekeeper, a janitorial worker, and an office helper. *Id.* at 68-70.

Plaintiff contends that instead of adopting this hypothetical, the ALJ should have adopted the limitations of the second hypothetical question, wherein the individual would be off task 20 percent of the workday due to the need for additional breaks, which would preclude all work activity. ECF No. 17 at 19; AR 70. Plaintiff fails to show, however, that the limitation included in the second hypothetical was supported by substantial evidence. Plaintiff also overlooks the fact that the ALJ determined that plaintiff had the residual functional capacity to perform simple, routine tasks. AR 16. Implicit in that determination was a finding that plaintiff could complete those tasks in a timely manner. Thus, plaintiff's argument that the ALJ should have adopted the answer to hypothetical number two lacks merit. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001) ("Nor was the ALJ bound to accept as true the restrictions set forth in the second

hypothetical question if they were not supported by substantial evidence.  An ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence").

Plaintiff also contends that hypothetical one was improper by its "egregious omission" of the impact of chronic pain and the side effects of the medication prescribed to manage that pain. ECF No. 17 at 19.  As the Commissioner notes, however, the Ninth Circuit has recognized that pain is an entirely subjective phenomenon that is wholly dependent upon an individual's credibility.  ECF No. 22 at 11; *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989) ("While the physical conditions causing pain can usually be objectively ascertained, the pain itself cannot; the very existence of pain is a completely subjective phenomenon. So is the degree of pain").  As discussed above, the ALJ provided specific reasons supported by substantial evidence explaining why she did not find plaintiff's testimony regarding the limiting effects of his pain fully credible. Thus, the court finds no error.

IV.     CONCLUSION

For the reasons state above, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is granted; and

3. The Clerk is directed to enter judgment in the Commissioner's favor.

DATED: September 22, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE